**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| George H. Johnson, et al., | ) | No. CV-07-0175-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Terry Goddard, et al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to dismiss (doc. 8), plaintiffs' response (doc. 14), and defendants' reply (doc. 15).

Plaintiffs George H. Johnson and Johnson International, Inc. (collectively, "Johnson"), filed this action against Arizona Attorney General Terry Goddard and various state employees in their official and individual capacities, alleging violations of Johnson's Fourteenth Amendment rights to equal protection and due process, and Eighth Amendment right to freedom from excessive fines. The constitutional claims arise from an action filed in state court (the "La Osa litigation") against Johnson by Attorney General Goddard, on behalf of five state agencies–the Arizona Department of Environmental Quality ("ADEQ"), the Arizona State Land Department, the Arizona Game and Fish Commission, the Arizona Department of Agriculture, and the Arizona Board of Regents (collectively, "the State"). In the La Osa litigation, the State alleges that Johnson acquired property known as La Osa

1   Ranch and King Ranch in Pinal County, and was planning to develop the land into a large
2   residential and commercial development. The State further alleges that without obtaining
3   permits, Johnson began clearing, grading, and excavating the land for development. Johnson
4   is charged with trespassing on state trust land, causing irreparable damage to protected
5   Hohokam archaeological sites, destruction of native plants and animals, and discharging
6   pollutants into state waters. Johnson filed a counterclaim against Attorney General Goddard
7   and ADEQ Director Owens, alleging that they defamed him in public statements regarding
8   the litigation. The United States filed a separate action against Johnson charging him with
9   discharge of pollutants into the waters of the United States in violation of the Clean Water
10  Act. Johnson contends that the clearing activities were "inadvertent," Complaint ¶ 56, and
11  that the State defendants, in an effort to harass, intimidate, and force him out of business,
12  have abused their power as state officials and deprived him of his constitutional rights. Id.
13  ¶ 41.

14  Johnson raises three claims in the present action. In count two of the complaint, he
15  alleges that the State's claims for fines and damages in the La Osa litigation are so excessive
16  that they are punitive in nature and violate the Eighth Amendment ban on excessive fines.
17  Id. ¶¶ 46-47. In count three, he asserts that because the State failed "to provide notice of the
18  severity of the penalties that the State may impose," id. ¶ 48, the State's claim for "such
19  excessive and unreasonable fines and penalties," has deprived him of his due process rights
20  under the Fourteenth Amendment, id. ¶ 235.

21  No fines or penalties have been imposed against Johnson in the La Osa litigation. The
22  amount of damages that might arise in the state litigation is purely conjectural at this stage
23  of the proceedings. Johnson has cited no authority to support his argument that a demand
24  for damages in a lawsuit constitutes a "fine" under the Eighth Amendment. Until damages
25  are imposed, Johnson's constitutional challenges to the State's damages claim in the state
26  litigation are unripe and not subject to review. Accordingly, we grant the State's motion to
27  dismiss counts two and three of the complaint.
28

1    In count one, Johnson claims he was a "class of one," targeted for regulatory and
2 enforcement treatment distinct from that of all other similarly situated members of the
3 regulated community in violation of his equal protection rights. The Equal Protection Clause
4 ensures that "all persons similarly situated should be treated alike." City of Cleburne v.
5 Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). This guarantee
6 protects not only groups, but individuals who would constitute a "class of one," if the
7 plaintiff can demonstrate that he "has been intentionally treated differently from others
8 similarly situated and that there is no rational basis for the difference in treatment." Squaw
9 Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). "Where an equal protection
10 claim is based on 'selective enforcement of valid laws,' a plaintiff can show that the
11 defendants' rational basis for selectively enforcing the law is a pretext for 'an impermissible
12 motive.' " Id. (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1187-88 (9th Cir.
13 1995)). Disparate government treatment is permissible "as long as it bears a rational relation
14 to a legitimate state interest." Id. Selective enforcement of valid laws, without more, does
15 not establish that the state acted irrationally. However, "there is no rational basis for state
16 action that is malicious, irrational or plainly arbitrary." Id. (quotations omitted).

17    The State argues that Johnson has failed to identify any similarly situated entity or
18 person who was treated more favorably. A plaintiff must allege sufficient facts to indicate
19 that his comparators were similarly situated in all relevant respects. See Nordlinger v. Hahn,
20 505 U.S. 1, 10, 112 S. Ct. 2326, 2331 (1992) ("The Equal Protection Clause . . . keeps
21 governmental decisionmakers from treating differently persons who are in all relevant
22 respects alike.").

23    Johnson alleges that the State is selectively enforcing the Arizona Native Plants Act,
24 A.R.S. §§ 3-931, et seq., against him as compared to others who are similarly situated. He
25 contends that the State is seeking to impose fines significantly in excess of what it has
26 imposed in other cases. In support of his claim, he cites three instances where smaller fines
27 were assessed against other trespassers. Complaint ¶¶ 207-09. To the extent Johnson's equal
28 protection claim is based on the State's damages claims in the La Osa litigation, the claim

1 is unripe for review. Until a fine or penalty is actually assessed against Johnson, there can
2 be no comparison between fines imposed against Johnson and others who are alleged to be
3 similarly situated.[1]

4       Johnson also claims that the University of Arizona was treated more favorably when
5 it cleared land without conducting environmental impact studies but was not assessed fines
6 or penalties. Id. ¶¶ 159-64. These allegations, however, do not establish that the University
7 was similarly situated "in all relevant respects." Nordlinger, 505 U.S. at 10, 112 S. Ct. at
8 2331. Johnson fails to assert that the University committed violations similar to those with
9 which he is charged, namely damage to protected archaeological sites, destruction of wildlife,
10 or polluting state waterways. Therefore, Johnson has failed to allege that a similarly situated
11 individual or entity has been treated more favorably, and accordingly we grant the State's
12 motion to dismiss count one.

13       We also grant the State's motion to dismiss claims asserted against Arizona Attorney
14 General Goddard on the basis of absolute prosecutorial immunity. Prosecutors are entitled
15 to absolute immunity for conduct "in initiating a prosecution and in presenting the State's
16 case." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 996 (1976). Goddard is
17 absolutely immune from any claims relating to his role in initiating and adjudicating the La
18 Osa litigation. Johnson does not allege that Attorney General Goddard had any other
19 involvement in the underlying action. Accordingly, we grant the State's motion to dismiss
20 the claims against Attorney General Goddard to the extent they seek damages. See Roe v.
21 City & County of San Francisco, 109 F.3d 578, 586 (9th Cir. 1997) ("absolute immunity

---

[1]We note that our review of the complaint filed in the La Osa litigation discloses that the State seeks damages under the Arizona Native Plants Act of "not more than $5,000 for each knowing violation." Defendants' Exhibit 1 at 28. This claim comports with A.R.S. § 3-933, which provides that "[t]he knowing violation of this chapter . . . is punishable by a civil penalty in an amount of not more than five thousand dollars. . . . Each day of violation constitutes a separate offense." There is nothing in the La Osa litigation complaint to suggest that the State seeks $5,000 for "every plant damaged." See Complaint ¶ 200.

- 4 -

1 protects [prosecutors] only from damages claims, not from suits for prospective injunctive
2 relief").

3 Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss the
4 complaint (doc. 8). Although it is doubtful, based on the contentions presented in the
5 original pleading, whether an amended complaint can survive a subsequent motion to
6 dismiss, Johnson will have until September 21, 2007 to file an amended complaint. Any
7 amended complaint must strictly meet the standards set forth in Rule 11(b), Fed. R. Civ. P.
8 Failure to file an amended complaint by September 21, 2007 will result in the dismissal of
9 this action with prejudice.

10 The deadline for filing the joint case management plan shall be extended until noon
11 on September 27, 2007. The Rule 16 scheduling conference set for September 28, 2007 will
12 remain unchanged.

13 DATED this 12th day of September, 2007.

Frederick J. Martone
United States District Judge